UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
JUN 17 1999
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| EDGAR VERNELL FUTRELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:99CV843(ERW) |
| ) | |
| WILLIAM M. CORRIGAN, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon its own motion for review pursuant to 28 U.S.C. § 1915A.

### 28 U.S.C. § 1915A

Pursuant to 28 U.S.C. § 1915A, the "court shall review before docketing if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The Court is to identify cognizable claims and to dismiss the complaint, or any portion of it, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915A, the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### The complaint

Plaintiff, an inmate at the Missouri Eastern Correctional Center (MECC), seeks damages and injunctive relief for alleged violations of his constitutional rights.[1] The Honorable William M. Corrigan, Circuit Judge, Twenty-First Judicial Circuit of the State of Missouri, is named as the sole defendant.

Plaintiff states that he was involved in an automobile accident with a police officer who had been in a high speed chase of another vehicle. Plaintiff alleges that he retained an attorney and brought a civil suit in state court against the police officer for injuries he sustained in the accident. Plaintiff further alleges that he subsequently brought suit against his attorney because he believed that the attorney was

---

[1] Plaintiff paid the full $150 filing fee.

not handling the case in a competent matter. Plaintiff asserts that Judge Corrigan dismissed the civil suit against the attorney, without prejudice, for failing to prosecute.

Plaintiff states that he appealed the dismissal of his civil suit to the Missouri Court of Appeals. The Missouri Court of Appeals, however, the appeal was dismissed because, under state law, a dismissal without prejudice is not an appealable order.

Plaintiff claims that Judge Corrigan's dismissal was erroneous and, therefore, that Judge Corrigan deprived him of due process and equal protection. Plaintiff seeks an order from this Court "remanding" his civil suit to another state court judge.

## Discussion

Plaintiff's claims against Judge Corrigan should be dismissed pursuant to 28 U.S.C. § 1915A. Plaintiff, in effect, asks this Court to find that Judge Corrigan wrongfully dismissed his civil action and that the dismissal constituted a violation of his civil rights. Under the Rooker-Feldman doctrine, this Court lacks subject matter jurisdiction to consider plaintiff's claim for injunctive relief.[2]

The Rooker-Feldman doctrine states that federal district courts do not have subject matter jurisdiction over challenges to state court decisions in judicial proceedings.

---

[2] Had plaintiff sought damages instead of injunctive relief, his claim would have been barred by judicial immunity. See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).

<u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923); <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983). As explained by the Eighth Circuit Court of Appeals:

> A federal district court has jurisdiction over general constitutional challenges if these claims are not inextricably intertwined with the claims asserted in state court. A claim is inextricably intertwined if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. In other words, Rooker-Feldman precludes a federal action if the relief requested in the federal action would effectively reverse the state court decision or void its ruling.

<u>Charchenko v. City of Stillwater</u>, 47 F.3d 981, 983 (8th Cir. 1995).

Plaintiff's federal civil rights suit only succeeds if plaintiff establishes that Judge Corrigan wrongfully dismissed his civil action. Because plaintiff's federal civil rights action depends upon a finding that Judge Corrigan's dismissal was erroneous, plaintiff's constitutional claims are inextricably intertwined with his state court action. Therefore, this Court lacks subject matter jurisdiction to entertain the instant action.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's complaint shall be dismissed pursuant to 28 U.S.C. § 1915A.

4

An appropriate order shall accompany this memorandum and order.

Dated this 17th day of June, 1999.

_____
**UNITED STATES DISTRICT JUDGE**

Copy to The Following:

Edgar Vernell Futrell #Q28808
MECC
18701 ~~Eastern Correctional~~ Ctr
       Old Hwy 66
Pacific, MO 63069-9799

SCANNED & FAXED BY:

JUN 18 1999

C. D. D.